**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

NICHOLAS QUEEN, SR.,

    Plaintiff,

    v.

DESIREE C. WILLIAMS,

    Defendant.

Civil Action No.:  ABA-25-4208

**MEMORANDUM ORDER**

Self-represented Plaintiff Nicholas Queen, Sr. has requested permission to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a)(1), which permits an indigent litigant to commence an action in this Court without prepaying the filing fee.  ECF No. 5.  Because Queen appears indigent, his request to proceed without pre-payment of the filing fee is granted.  To guard against possible abuses of this privilege, however, the statute requires dismissal of any claim that is frivolous, malicious, or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

Queen, a former federal inmate, alleges in his Amended Complaint that his First Amendment rights were violated when Defendant Desiree C. Williams, an Assistant United States Attorney, would not permit Queen to record a deposition conducted by her at his home in Baltimore, Maryland.  ECF No. 4 at 1.  The litigation for which the deposition was conducted concerns a Federal Tort Claims Act ("FTCA") lawsuit filed by Queen arising from a use of force incident at USP-Pollock in Louisiana.  *Id.* at 2.  Queen alleges that on February 7, 2025, Williams "instructed Plaintiffs [sic] to stop recording her while acting under color of law when taking deposition…" *Id.* at 3.  According to Queen, Williams did so in retaliation for filing his suit against

the United States. *Id.* Queen states that he suffered mental and physical stress resulting in his hospitalization on October 1, 2025, for a mild stroke and hypertension. *Id.* He seeks compensatory and punitive damages. *Id.* at 4.

"The First Amendment right to free speech includes not only the affirmative right to speak, but also the right to be free from retaliation by a public official for the exercise of that right." *Suarez Corp. Indus. v. McGraw*, 202 F.3d 676, 685 (4th Cir. 2000). To state a claim of retaliation for exercising First Amendment rights, a plaintiff must show that (1) the plaintiff engaged in protected First Amendment activity; (2) the defendant took some action that adversely affected the First Amendment rights; and (3) there was a causal relationship between the protected activity and the defendant's conduct. *See Constantine v. Rectors & Visitors of George Mason Univ.*, 411 F.3d 474, 499 (4th Cir. 2005). "Once a plaintiff establishes his protected conduct was a substantial or motivating factor in the defendant's decision to take adverse action, the defendant is appropriately tasked with explaining why her decision was not animated by retaliatory motives." *Martin v. Duffy*, 977 F.3d 294, 301 (4th Cir. 2020).

While Queen's filing suit against the United States is protected activity, he fails to plead any facts satisfying the two other elements of a retaliation claim. Queen challenges Williams' directive to not record a deposition but he fails to plead any facts showing that the directive adversely affected him or his ability to pursue his FTCA lawsuit. At most, he claims it was for the purpose of obstruction, but such a conclusory statement is insufficient to support a viable claim for relief. Queen also states that Williams' conduct caused him mental and physical stress ultimately causing a mild stroke. Queen fails to explain how his inability to record a deposition directly caused him to have a stroke; such an assertion is speculative at best and cannot support a First Amendment claim against Williams.

2

Accordingly, it is this 14th day of April, 2026, by the United States District Court for the District of Maryland, hereby ORDERED that:

1. Queen's Motion to Proceed in Forma Pauperis (ECF No. 5) IS GRANTED;

2. The Amended Complaint IS DISMISSED for failure to state a claim;

3. The Clerk is directed to CLOSE the case; and

4. The Clerk SHALL MAIL a copy of this Memorandum Order to Queen.

_/s/_
_____

Adam B. Abelson
United States District Judge
